ELLIS, Judge.
This matter comes before the court on a motion by W. W. McDougall, Director of Personnel of the Department of State Civil Service, to be made a party to the appeal taken herein by Stafford Boudreaux, and on a motion to dismiss the said appeal.
R.S. 13:3416 provides as follows:
“The director of personnel of any department of state or city civil service existing under the provisions of Article XIV, Section IS of the Constitution of Louisiana shall be an indispensable party in any judicial proceeding wherein relief is sought against any rule, decision, action or failure to act of the civil service commission under which the director functions, with all of the rights and remedies afforded to parties in litigation by the laws of this state.”
Mover, under the express terms of the law, is entitled to be made a party to this appeal.
On the motion to dismiss, the record reveals that the State Civil Service Commission filed its written opinion in this case with the Director of Personnel of the State Department of Civil Service on August 26, 1966. Appellant filed his application for this appeal on September 28, 1966.
Article 14, §§ 15(O) (1) of the Constitution of 1921 provides as follows:
“There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.”
Appellate jurisdiction in such cases now lies with the Court of Appeal. Hughes v. Department of Police, 131 So.2d 99 (La.App.1961).
Section 2 of Rule XVI of the Uniform Rules of the Courts of Appeal, provides, in part as follows:
“An application for an appeal shall be made to the Commission in writing within thirty (30) days after the date of filing of the Commission’s final decision with the Director of Personnel.”
Since more than 30 days elapsed between the date of the filing of the final decision and the date of the application for appeal, the appeal was not timely filed, and will be dismissed.
Appeal dismissed.